**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| FRED GIDDINGS, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  No. 2:10-cv-291-WTL-TAB |
| | ) |
| JAMES BASINGER, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Fred Giddings for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The Petition for Writ of Habeas Corpus

#### Background

Giddings was convicted following trial by jury of multiple counts of child molesting involving various offenses and multiple victims over an extended period of time. The despicable facts associated with these offenses are recited in Giddings' direct appeal, *Giddings v. State,* No. 40A04-0010-CR-435, at pp. 2-3 (Ind.Ct.App. Sept. 28, 2001), and need not be repeated here.

Giddings now seeks a writ of habeas corpus, arguing that he was denied the effective assistance of counsel in his direct appeal when his attorney failed to include a claim of the possible lack of a unanimous verdict. When this argument was presented in Giddings' action for post-conviction relief, the Indiana Court of Appeals rejected it, explaining that (1) the claim had been waived because no objection was lodged by trial counsel, and (2) the claim lacked sufficient merit to constitute fundamental error. *Giddings v. State,* 928 N.E.2d 886 (Ind.Ct.App. 2010).

#### Applicable Law

Giddings seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

As a person in custody pursuant to a state court judgment, to be eligible for a writ of habeas corpus Giddings must demonstrate that he "is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a habeas petitioner's claim was "adjudicated on the merits in State court proceedings," section 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal court may grant a writ of habeas corpus only if: (1) the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1); or (2) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *Cheeks v. Gaetz,* 571 F.3d 680, 684-85 (7th Cir. 2009).

Giddings' habeas claim is that his appellate counsel was ineffective for failing to challenge the unanimity of the jury's verdict.

A defendant has a right under the Sixth Amendment to effective assistance of counsel at trial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687.

- With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004).

- With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

The benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). Where a defendant claims that counsel failed to raise the correct issues on appeal, the question is whether appellate counsel failed to raise a significant and obvious issue without a legitimate strategic purpose. *Franklin v. Gilmore,* 188 F.3d 877, 884 (7th Cir. 1999). Thus, the court has examined the "trial court record to determine whether appellate

2

counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir. 1996).

Turning to the substantive question underlying the claim of counsel's asserted ineffectiveness, "a state criminal defendant, at least in noncapital cases, has no federal right to a unanimous jury verdict[.]" *Schad v. Arizona,* 501 U.S. 624, 634 n.5 (1991); *see Richardson v. United States,* 526 U.S. 813, 821 (1999) ("this Court has not held that the Constitution imposes a jury-unanimity requirement"); *United States v. Mannava,* 565 F.3d 412 (7th Cir. 2009); *Hernandez v. Virga,* 2011 WL 109479 (N.D.Cal. 2011). A contrary conclusion can be reached in a particular circumstance either as a matter of statutory construction or, of course, as a matter of state law.

## Discussion

The Indiana Court of Appeals addressed the substance of Giddings' claim of ineffective assistance of counsel.[1] It did so by reaching this claim in the alternative to its principal holding that the claim had been waived and determining whether the omitted claim could satisfy Indiana's doctrine of fundamental error. This alternative ruling is the only focus of Giddings' claim in this habeas proceeding. *Timberlake v. Davis,* 409 F.3d 819, 821 (7th Cir. 2004) (federal habeas court examined state court's alternative ruling on the merits after determining that state's finding of procedural default was not an "independent and adequate state ground" that blocked federal collateral review).

A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law in concluding that counsel was not ineffective. *See Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). "*Strickland* calls for inquiry into degrees," thereby "add[ing] a layer of respect for a state court's application of the legal standard." *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). Accordingly, this court is required to deny the writ relative to this claim, at least as long as the Indiana courts "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000).

The Indiana Court of Appeals recognized the *Strickland* standard and examined the circumstances surrounding Giddings' ineffectiveness claim. It recognized the *Strickland*

---

[1]Although the Indiana Court of Appeals concluded that Giddings had committed procedural default because the claim in the post-conviction appeal had been waived because Giddings' counsel at trial had not presented it, the respondent does not argue that this constitutes procedural default in the habeas action. This is a waiver of that defense. *Kaczmarek v. Rednour,* 627 F.3d 586, 593 (7th Cir. 2010)(citing cases).

3

standard through its citation to and reliance on *Bieghler v. State,* 690 N.E.2d 188, 193 (Ind. 1997). Specifically, the Indiana Court of Appeals noted that to prevail in the challenge to the representation in his direct appeal "he must prove deficient performance by appellate counsel which results in prejudice that, but for appellate counsel's error, creates a reasonable probability that the outcome of the direct appeal would have been different." *Giddings,* 928 N.E.2d at 888. *See Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003) (there must be reasonable probability that issue not raised would have altered outcome of appeal).

In applying this standard, the Indiana Court of Appeals noted that the United States Supreme Court has not imposed a jury-unanimity requirement as a matter of constitutional right. *Giddings,* 928 N.E.2d at 889 (citing *Richardson*). The Indiana Court of Appeals then took up the question whether Indiana law imposed such a requirement in every instance. The analysis began with *Castillo v. State,* 734 N.E.2d 299, 305 (Ind.Ct.App. 2000), wherein the panel concluded that the conviction should be vacated because it was possible that "the jury's verdict of guilty regarding the charge of dealing in cocaine was not unanimous." This conclusion rested on recognition that the State had charged Castillo with one act of dealing in cocaine "even though there was evidence that Castillo committed two separate acts of dealing in cocaine." *Id.* As in *Richardson,* therefore, the statutory structure and the evidence required jury unanimity in *Castillo*. The Indiana Court of Appeals distinguished those situations with the facts presented in a case such as Giddings', and in doing so concluded that "*Castillo* is not applicable in child molest cases." *Giddings,* 928 N.E.2d at 890.[2]

As shown through the foregoing, therefore, the issue would not have been found meritorious even if included in Giddings' direct appeal. The Indiana Court of Appeals thus easily determined that "appellate counsel was not ineffective for not raising the case and the issue of unanimous verdicts." *Id. See Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success."). In doing so, the Indiana Court of Appeals "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola,* 224 F.3d at 591. Because this court cannot find that the Indiana Court of Appeals

---

[2] The court recognizes that "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010) (per curiam). Thus, Giddings' habeas claim does not depend on whether this court might agree or disagree with the limitation of *Castillo's* jury unanimity requirement in the appellate decision in Giddings' bid for post-conviction action."A judgment of a state court on a question of state law `conclusively establishe[s]' the meaning of that law." *Bute v. Illinois,* 333 U.S. 640, 668 (1948); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 115 S. Ct. 1404 (1995). However, the Supreme Court has explained that a viable ineffective assistance of counsel claim can be based on an attorney's failure to pursue a claim which would not be independently cognizable in a habeas corpus proceeding. *Kimmelman v. Morrison,* 477 U.S. 365 (1986).

"unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Giddings' claim of ineffective assistance of appellate counsel does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111 (7th Cir. 2003).

## Conclusion

This court has carefully reviewed the state record in light of Giddings' claim and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Giddings to relief in this case.

Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Giddings has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/25/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana